Aung Kyaw MOE, Petitioner,

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,** Respondent.

No. 05–0096–ag.

United States Court of Appeals, Second Circuit.

Dec. 8, 2006.

---

Theodore N. Cox, New York, NY, for Appellant.

Tina O. Miller, Assistant United States Attorney (Mary Beth Buchanan, United States Attorney, on the brief), United States Attorney's Office for the Western District of Pennsylvania, Pittsburgh, PA, for Appellees.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Aung Kyaw Moe, a native and citizen of Burma (now called Myanmar), petitions this Court for review of an order of the Board of Immigration Appeals ("BIA") affirming an order of Immigration Judge ("IJ") Noel Ferris denying Moe's applications for asylum, withholding of removal, and relief pursuant to the United Nations Convention Against Torture ("CAT"). We assume the parties' familiarity with the relevant facts, the issues on appeal, and the procedural history.

### BACKGROUND

Moe alleged that because of his involvement with student protests he was arrested and mistreated by Burmese police in 1996. He was allegedly arrested again in 2000 after attempting to visit a jailed friend. Upon his entry into the United States, Moe attended demonstrations in front of the Burmese embassy in New York. He claimed fear of future persecution based on his attendance at the demonstrations because he asserted that individuals were taking photographs of demonstrators from inside the Burmese embassy. Moe asserted that he might have been identified by the Burmese government as a political protestor from these alleged photographs and subjected to persecution on the basis of his participation in the protests were he to be returned to Burma. To corroborate his testimony concerning his fear of future persecution, Moe offered into evidence photographs that he had taken "to commemorate the fact that [he had] participated" in the demonstrations. Nov. 13, 2002 Hr'g Tr. 95, Joint Appendix ("J.A.") 174. When asked why he wished to commemorate his participation in the demonstrations, Moe replied that it was "[s]o that [he] can apply for political asylum in this country." *Id.* at 96, J.A. 175. Moe offered no other corroborating evidence in support of his claim to fear of future persecution on the basis of his participation in demonstrations.

Following a hearing on the merits, the IJ found Moe to be non-credible and denied the requested relief. The IJ also found that Moe had not demonstrated fear of future persecution because Moe offered no particularized evidence that his participation in the demonstrations was known to the Burmese government on the basis of the photographs allegedly taken from inside the Burmese embassy. Moreover, the

IJ noted that Moe's claim to fear of future persecution would be problematic because of evidence that he had made a "deliberate attempt to come to someone's notice" through his participation in the demonstrations. Oral Decision of the Immigration Judge 33, J.A. 70.

Moe appealed to the BIA, which dismissed the appeal. The BIA upheld the IJ's adverse credibility finding, agreeing with the IJ's determinations that Moe (1) failed to testify consistently concerning what he told police during his alleged second arrest, and (2) failed to provide documentary evidence to support his claim. It did not, however, address Moe's claim to fear of future persecution based on his participation in demonstrations in the United States.

## DISCUSSION

### I. Standard of Review

Where, as here, "the BIA agrees with the IJ's conclusion that an asylum applicant is not credible and emphasizes particular aspects of the IJ's decisions, we review both the BIA's and the IJ's opinions." *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). We review factual findings, including adverse credibility determinations, under a substantial evidence standard. *See, e.g., Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *see also* 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). Our " 'exceedingly narrow' " review, *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (quoting *Carranza–Hernandez v. INS*, 12 F.3d 4, 7 (2d Cir.1993)), involves "look[ing] to see if the IJ has provided 'specific, cogent' reasons for the adverse credibility finding and whether those reasons bear a 'legitimate nexus' to

the finding." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003)). That review is "highly deferential," *Zhou Yi Ni v. U.S. Dep't of Justice*, 424 F.3d 172, 174 (2d Cir.2005); *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005); *Jin Hui Gao*, 400 F.3d at 964, and is designed to ensure merely that "credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice." *Zhou Yun Zhang*, 386 F.3d at 74.

When an IJ's decision contains errors, we may nevertheless deem remand futile and deny the petition for review if "(1) substantial evidence in the record relied on by the IJ, considered in the aggregate, supports the IJ's finding that petitioner lacked credibility, and (2) disregarding those aspects of the IJ's reasoning that are tainted by error, we can state with confidence that the IJ would adhere to his decision were the petition remanded." *Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (internal quotation marks omitted); *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005) (stating that a reviewing court may "affirm, despite IJ errors, when we can confidently predict that the IJ would necessarily reach the same result absent errors").

### II. Analysis

█ We affirm the IJ's adverse credibility finding and determine that Moe has waived any challenge to the IJ's CAT claim by failing to sufficiently argue it in his petition to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). We conclude, however, that Moe's petition must be remanded to the BIA for further consideration of Moe's claims to fear of future persecution in light of an intervening decision of this

Court, *Kyaw Zwar Tun v. U.S. I.N.S.*, 445 F.3d 554 (2d Cir.2006).

■ The IJ's adverse credibility finding was supported by the following substantial evidence: (1) Moe testified inconsistently regarding the authorities' questioning of him during his second alleged arrest; (2) Moe claimed that he had never been in Chile despite the fact that his passport contained entry stamps for that nation; (3) Moe testified in vague and confusing terms regarding his procurement of a passport in 1998; (4) Moe failed to provide documentary evidence in support of his claims—including a statement from his mother—that should have been available to him; (5) Moe was unable to explain satisfactorily a document he submitted attesting to his resignation, *in April 1998,* from his position as a student *during the 1996–1997 school year;* (6) Moe failed to produce a local witness, Zaw Win, who had, in a letter, expressed willingness to testify on Moe's behalf concerning Moe's involvement in the pro-Democracy movement; (7) Moe repeatedly referred to actions of his parents when discussing events that occurred during a time period well after his father's death in 1989; and (8) Moe delayed until the 365th day after his arrival in the United States to file his asylum application, even though he allegedly came to the United States for the purpose of seeking asylum.

■ Although the IJ's adverse credibility finding was supported by substantial evidence, we identify the following two errors in the IJ's reasoning: (1) the IJ mischaracterized the record by noting that Moe had failed to explain the goals of the National League of Democracy; and (2) the IJ referred to the seemingly irrelevant fact that Moe, whose nationality was never in doubt, was unable to explain satisfactorily why Burma's name had been changed to Myanmar. "Notwithstanding our recognition of these errors in the IJ's decision, there exist ample, error-free

grounds that provide substantial evidence to support adverse credibility determination, and, despite the IJ's errors, we can state with confidence that the IJ would adhere to [her] decision were the petition remanded." *Singh,* 438 F.3d at 149 (internal quotation marks omitted). Therefore, we affirm the IJ's determination that Moe cannot establish fear of past persecution.

■ We remand to the BIA, however, for the limited purpose of determining, in light of or in conjunction with the remand of *Kyaw Zwar Tun,* whether Moe may establish a well-founded fear of future persecution on the basis of his participation in political demonstrations here in the United States alone, where: (1) there is no particularized evidence that Moe's participation in the demonstrations is known to Burmese authorities; and (2) the IJ found that Moe's participation in the demonstrations represented a "deliberate attempt to make himself come to someone's notice"—a conclusion Moe did not challenge in his brief on appeal. *See Kyaw Zwar Tun,* 445 F.3d at 570–71; *see also Jian Hui Shao v. BIA,* 465 F.3d 497, 501–503 (2d Cir.2006) (remanding question of law concerning ability of petitioner to demonstrate well-founded fear of future persecution to BIA for resolution).

## CONCLUSION

In sum, we (1) deny Moe's CAT claim in its entirety, (2) deny Moe's petition for review insofar as he challenges the IJ's credibility determination, and (3) remand the cause to the BIA to determine whether, in light of or in conjunction with its review on remand of *Kyaw Zwar Tun,* Moe may establish a well-founded fear of future persecution on the facts of this case.